UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA HINES,

       Plaintiff,

v.

                                     CASE No. 8:13-CV-1529-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security does not adequately justify the finding that a 62-year-old woman with severe impairments of diabetes mellitus with neuropathy and chronic low back pain can perform medium work, which requires the plaintiff to stand or walk for six hours in an eight-hour workday and lift or carry 50 pounds occasionally and 25 pounds frequently, the decision will be reversed and the matter remanded for further proceedings.

_____

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 25).

I.

The plaintiff, who was 62 years old at the time of the administrative hearing and who has an eleventh grade education, has worked as an apartment manager, cleaner commercial, unskilled cashier, funeral home director, sales clerk, and security guard (Tr. 44, 61-62, 277). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to diabetes; depression; poor circulation in her legs, diaphragm, and hands; blurred vision; low back pain; high blood pressure; an inability to sleep most nights; constant crying; "don't like to talk to people because crying"; and "don't like to leave the house" (Tr. 190). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "diabetes mellitus (DM) with neuropathy, chronic low back pain, and depression" (Tr. 23). The law judge concluded that, with these impairments, the plaintiff has the residual functional capacity (Tr. 26):

> to lift and/or carry 50 pounds occasionally and 25 pounds frequently and stand, walk and/or sit for six hours in an eight-hour workday. She must avoid concentrated exposure to temperature extremes of

cold and heat. The claimant can perform only simple, routine and repetitive job tasks in an unskilled work environment with specific vocational preparation (SVP) codes of one (1) or two (2).

The law judge determined that these restrictions prevented the plaintiff from returning to her past relevant work (Tr. 30). However, based on the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as packager, kitchen helper, and food/beverage clerk (Tr. 31-32). The law judge therefore decided that the plaintiff was not disabled (Tr. 32). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on three grounds, in addition to contending that the Appeals Council erred in denying her request for review as a result of the submission of new evidence. One of the plaintiff's challenges to the law judge's decision is that there was not substantial evidence to support the law judge's finding that the plaintiff had the residual functional capacity for medium work (Doc. 19, p. 12). In this

respect, the plaintiff points out that, under the medical-vocational guidelines, if the plaintiff could not perform medium work, but was limited to light or sedentary work, the plaintiff would be deemed disabled (id.). Thus, the finding that the plaintiff could perform medium work was dispositive.

Medium work requires the ability to stand and/or walk six hours of an eight-hour workday and to lift and/or carry 50 pounds occasionally (which means up to one-third of the time) (Tr. 71), and 25 pounds frequently (that is, one-third to two-thirds of the time) (id.). The plaintiff argues that the law judge "erred by concluding that Plaintiff a 60-62 year old woman with chronic leg pain and diabetes with symptoms of bilateral neuropathy and low back pain, could perform the rigors of medium work when the medical evidence did not support a finding that Ms. Hines could perform medium work," adding that "[t]here was no treating or examining source that completed [a residual functional capacity form] indicating Plaintiff could perform medium work" (Doc. 19, p. 12).

The plaintiff's argument that someone with her vocational profile could not perform medium work has force. In order to overcome it, a cogent explanation was required. Notably, plaintiff's counsel asserted at the outset

of the administrative hearing that the plaintiff certainly could not do medium work (Tr. 42). Nevertheless, no explanation for the finding that she could do such work was given. As a result, meaningful judicial review is not possible. Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985); Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985). Consequently, a remand is necessary.

On this issue, the plaintiff argues that "[t]he only evidence in the record which supported medium work was that of a non-examining medical consultant (Dr. [Louise] Wunsch) who rendered h[er] opinion without the benefit of all of Plaintiff's medical records" (Doc. 19, pp. 12-13). The record contains a Physical Residual Functional Capacity Assessment form completed by Charles S. Allinder, a single decisionmaker (Tr. 71-78). Allinder concluded that the plaintiff had the ability to perform medium work with no postural, manipulative, visual, communicative, or environmental limitations. The record also contains a statement by Dr. Wunsch, a non-examining reviewer, who merely said that "I have reviewed all the evidence in file and the RFC of 11/8/10 [Allinder's opinion] is affirmed as written" (Tr. 372).

With regard to these assessments, the law judge said (Tr. 30):

Other evidence considered is the opinions of the State agency medical consultants based on their

-7-

> review of the evidence of record. The residual
> functional capacity conclusions reached by the
> consultants employed by the State Disability
> Determination Services also supported a finding of
> "not disabled." The State agency medical
> consultants at the initial and reconsideration levels
> found that the claimant had the residual functional
> capacity to perform a full range of medium work
> (Exhibits 5A and 9F). The undersigned does not
> accord any evidentiary weight to the opinion of the
> State agency medical consultant at the initial level
> because the consultant is not a medical doctor, but
> a layperson (a single decision maker (SDM)).
> However, the undersigned finds the opinion of the
> State agency medical doctor at the reconsideration
> level generally persuasive, but a few adjustments
> have been made given the evidence of record as a
> whole.

The plaintiff argues that "[i]t is difficult to determine exactly
how Dr. Wunsch, affirming Mr. Allinders [sic] RFC of medium work, came
up with this RFC as the consultative examining doctor (Dr. [Eniola] Owi) did
not complete an RFC" (Doc. 19, pp. 13-14). This contention is well-founded.
Thus, Allinder's opinion was properly rejected because he was not a doctor;
Dr. Wunsch summarily affirmed Allinder's opinion and did not submit a
residual functional capacity form or even make any comment explaining the
opinion of medium work; and Dr. Owi, an examining physician, did not
complete a residual functional capacity form or opine any functional

-8-

limitations. Therefore, these documents do not explain a finding that the plaintiff can perform medium work.

The plaintiff also complains that the opinions of Allinder and Dr. Wunsch "were made before the medical records from Tampa Family Health Center were submitted into the record" (id., p. 14) (emphasis in original). In support of her challenge, the plaintiff points to the treatment records from Tampa Family Health Center, which document her neuropathic leg pain, leg cramping, leg swelling, low back pain, diabetes, high blood pressure, vision problems, peripheral vascular disease, depression, and anxiety (id.) (see Tr. 419, 420, 428, 438, 441, 456). These impairments raise a serious question whether a 62-year-old woman with her medical problems could perform work that requires her to stand or walk for six hours in an eight-hour workday and to lift or carry 50 pounds occasionally and 25 pounds frequently.

The law judge discussed the evidence bearing on these conditions in his decision. The discussion, however, does not explain why these impairments, even if not totally disabling, do not limit the plaintiff to light or sedentary work, but rather permit her to perform medium work. Accordingly, it cannot be determined whether the finding that the plaintiff

can perform medium work is reasonable and supported by substantial evidence.

The plaintiff, as indicated, raises other challenges. Consideration of these challenges is appropriately pretermitted since on remand a new and different decision will be entered. Furthermore, in that proceeding, the additional evidence submitted to the Appeals Council can be considered.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **REVERSED** and the matter is **REMANDED** for further proceedings. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ⟋ 12ᵗʰ day of March, 2015.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE